# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 11-1018

JOHNNIE THOMAS GUNTER AND
LORETTA ELIZABETH LACOSTE, AS
THE NATURAL TUTRIX OF HER
MINOR CHILD, CASEY ELIZABETH
LACOSTE

VERSUS

JEFFERSON DAVIS PARISH AND THE
JEFFERSON DAVIS PARISH SHERIFF'S
DEPARTMENT, RICHARD E. "RICKY"
EDWARDS, JR., INDIVIDUALLY, AND
IN HIS OFFICIAL CAPACITY AS
SHERIFF OF JEFFERSON DAVIS
PARISH SHERIFF'S DEPARTMENT,
TERRIE GUILLORY, IVAN GUILLORY,
MIKE HILL, CHAD ROMERO, THE
TOWN OF LAKE ARTHUR, CHERYL
VINCENT, INDIVIDUALLY, AND AS
CHIEF OF POLICE OF THE TOWN OF
LAKE ARTHUR, LELAND LASSANDER,
JARED MANUEL, AND DERRICK
TURNER, OFFICERS OF THE TOWN
OF LAKE ARTHUR POLICE DEPARTMENT

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-488-08
HONORABLE STEVEN GUNNELL, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Oswald A. Decuir, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

Thomas Robert Shelton
Shelton Law Firm
223 Bendel Road
Post Office Drawer 52548
Lafayette, Louisiana  70505-2548
(337) 237-3000
Counsel for Plaintiffs/Appellants:
     Johnnie Thomas Gunter and  Lorritta
     Elizabeth LaCoste, as the natural tutrix of her
     minor child, Casey Elizabeth LaCoste


John F. Wilkes, III
Joy C. Rabalais
Ray F. Lucas III
Erin N. Hargrave
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana  70502-4305
(337) 232-1604
Counsel for Defendants/Appellees:
     Town of Lake Arthur; Chief Cheryl Vincent,
     individually and in her official capacity as Chief
     of Police of the Town of Lake Arthur; Officer
     Jared Manuel, individually and in his official
     capacity as a Police Officer for the Town of
     Lake Arthur; and Officer Leland Laseter,
     individually and in his official capacity as a
     Police Officer for the Town of Lake Arthur


David E. Marcantel
Marcantel, Marcantel, Wall, Pfeiffer & Stretcher
Post Office Box 1366
Jennings, Louisiana  70546-1366
(337) 824-7380
Counsel for Defendant:
     Derrick Turner


Lloyd Frederick Schroeder, II
Usry, Weeks & Matthews
1615 Poydras Street, Suite 1250
New Orleans, Louisiana  70112
(504) 592-4600
Counsel for Defendants:
     Richard E. "Ricky" Edwards,
     Terry Guillory,
     Ivan Guillory, and
     Chad Romero

**GENOVESE, Judge.**

Plaintiffs, Johnnie Thomas Gunter and Lorritta[1] Elizabeth LaCoste, as the natural tutrix of her minor child, Casey Elizabeth LaCoste, appeal the trial court's grant of summary judgment in favor of Defendants, the Town of Lake Arthur (Lake Arthur); Chief Cheryl Vincent (Chief Vincent), individually and in her capacity as Chief of Police of the Town of Lake Arthur; Officer Jared Manuel (Officer Manuel), individually and in his official capacity as a police officer for the Town of Lake Arthur; and, Officer Leland Laseter (Officer Laseter), individually and in his capacity as a police officer for the Town of Lake Arthur, dismissing Plaintiffs' claims against them. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations set forth in the Petition for Damages for Wrongful Death and Survival Action filed by Plaintiffs, Steven Thomas Gunter "was killed on June 9, 2007, in Lake Arthur, Louisiana, by one (1) or more of the Police [D]efendants, acting under 'color of law[,']' as a result of shotgun wounds . . . ." Plaintiffs' petition asserts both a wrongful death and survival action against Lake Arthur, Chief Vincent, Officer Manuel, and Officer Laseter alleging that said Defendants were not properly trained to respond to an alleged domestic dispute and that said Defendants' response to the alleged situation was negligent and caused Steven Gunter's death.

Defendants filed a Motion for Summary Judgment on the issue of liability. Defendants' motion argued that there were no genuine issues of material fact as to Plaintiffs' claims against them, and, thus, they were entitled to summary judgment as a matter of law. Defendants offered the following exhibits as evidence in

---

[1]Though Plaintiff's name is listed as "Loretta" in the caption of these proceedings and in the briefs filed herein, this court notes that the spelling which conforms to the way in which she signs her name is "Lorritta."

support of their motion: (A) the affidavit of Trooper Benjamin LaPoint; (B) the deposition of Chief Vincent; (C) the deposition of Deputy Terrie Guillory; (D) the deposition of Lorrita LaCoste; and, (E) the affidavit of Maydell Jones.

In their opposition to the motion filed by Defendants, Plaintiffs offered into evidence: (A) the deposition of Trooper Benjamin LaPoint; (B) Lake Arthur Police Department's log; (C-1) the affidavit of Darby Trahan; (C-2) a video of the residence where Steven Gunter was shot; (D) the affidavit of Beth Trahan; (E) the affidavit of Johnnie Gunter; (F) the affidavit of Catherine Pettifield; and, (G) the deposition of Nona LaCoste.

A hearing was held on November 30, 2010, after which the trial court took the matter under advisement and allowed the parties to submit post-trial memoranda. The trial court issued written Reasons for Ruling on March 15, 2011, granting Defendants' Motion for Summary Judgment. In its Reasons for Ruling, the trial court declared:

> [T]he collective actions and responses of the TOWN OF LAKE ARTHUR were reasonable in light of the circumstances. Officer Laseter was called to the scene after a complaint of domestic disturbance by a neighbor. Upon his arrival, Ms. [LaCoste] stated that the decedent had thrown her from a truck and that he was now in the home. She also told Officer Laseter that Mr. Gunter was armed with a gun. Ms. [LaCoste] later stated that there was no problem or domestic disturbance. In the [c]ourt's opinion, it was reasonable of Officer Laseter to attempt to question Mr. Gunter despite Ms. [LaCoste]'s claims that there had been no domestic disturbance. Ms. [LaCoste] presented the officer with conflicting statements about what had occurred prior to his arrival and that, coupled with the statement that Mr. Gunter was now armed, gave Officer Laseter a reasonable basis to question Mr. Gunter in order to determine that all parties were safe and no threat and/or violence would continue after his departure. When Mr. Gunter refused to cooperate, speak, or exit the home, it was reasonable that the officer would call for back-up to support his position. At no time did the officer forcibly enter the home; indeed, he only entered the home after having been provided a key by Ms. [LaCoste] who was a resident of the house with Mr. Gunter. The actions of the TOWN OF LAKE ARTHUR demonstrate that they had responded to a call of potential domestic violence and that they took every avenue available to them to discuss the matter peaceably and

2

non-confrontational[ly] with both Ms. [LaCoste] and Mr. Gunter to assure themselves that no party was in danger. None of the personnel of the TOWN OF LAKE ARTHUR arrived at the home with the intention of causing harm to the decedent. For these reasons . . . the Motion for Summary Judgment filed on behalf of the [D]efendants, TOWN OF LAKE ARTHUR, is hereby granted.

A judgment dismissing Plaintiffs' claims against Defendants was signed by the trial court on May 27, 2011. It is from this judgment that Plaintiffs appeal.

## ASSIGNMENTS OF ERROR

Plaintiffs assert that the trial court erred in granting Defendants' Motion for Summary Judgment because adequate discovery had not occurred, that the motion was premature, and that the trial court erred in ruling that Defendants' actions prior to the shooting death of Steven Gunter were reasonable.

## LAW AND DISCUSSION

"Appellate courts review summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, and in the light most favorable to the non-movant." *Yokum v. 615 Bourbon Street, L.L.C.*, p. 25 (La. 2/26/08), 977 So.2d 859, 876 (citing *Suire v. Lafayette City-Parish Consol. Gov't.*, 04-1459 (La. 4/12/05), 907 So.2d 37). Louisiana Code of Civil Procedure Article 966(A)(2) states "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action," and this "procedure is favored and shall be construed to accomplish these ends." "[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact," then judgment shall be granted as a matter of law in favor of the mover. La.Code Civ.P. art. 966(B) and (C). Defendants, as the movants herein, bear the initial burden of proof and must show that no genuine issue of material fact exists. *See* La.Code Civ.P. art. 966(C)(2). If

Defendants successfully meet their burden, then the burden shifts to Plaintiffs to present factual support adequate to establish that they will be able to satisfy their evidentiary burden at trial. *Id.* If, however, Plaintiffs fail to produce the factual support necessary to establish that they will be able to satisfy their evidentiary burden of proof at trial, then there is no genuine issue of material fact. *Id.*

> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.*

*Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765-66.

***Discovery***

On the issue of whether the trial court erred in granting summary judgment because adequate discovery had not occurred, the record reflects that Plaintiffs filed suit on June 5, 2008. Defendants filed the Motion for Summary Judgment at issue herein on October 21, 2010, and the trial court scheduled the hearing of said motion for November 30, 2010. Plaintiffs did not request a continuance. Instead, Plaintiffs took the deposition of Trooper LaPoint on November 18, 2010, a copy of which was introduced into evidence at the hearing on the Motion for Summary Judgment.

Louisiana Code of Civil Procedure Article 966(1) provides that a defendant may move for summary judgment "at any time." Further, La.Code Civ.P. art. 966(C)(1) provides that "[a]fter adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted."

> The provision for adequate discovery does not grant a party an absolute right to delay a decision on a motion for summary judgment until all discovery is complete. *West v. Watson*, 35,278 (La.App. 2

4

Cir. 10/31/01), 799 So.2d 1189, *writ denied*, 01-3179 (La.2/8/02), 809 So.2d 140. Unless the party opposing the motion for summary judgment shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there are no genuine issues of fact. *Advance Products & Systems, Inc. v. Simon*, 06-609 (La.App. 3 Cir. 12/6/06), 944 So.2d 788, *writ denied*, 07-26 (La.3/9/07), 949 So.2d 444. The abuse of discretion standard is used to determine if the trial court allowed adequate time for discovery. *Id.*

*Prime Income Asset Mgmt., Inc. v. Tauzin*, 07-1380, pp. 13-14 (La.App. 3 Cir. 4/30/08), 981 So.2d 897, 905-06. In the case before us, Defendants' Motion for Summary Judgment was filed more than two years after suit was filed and three years after the incident in question. As such, on the facts presented in this case, and considering the fact that Plaintiffs did not seek a continuance of the hearing on the motion, we find no merit to Plaintiffs' contention that the trial court erred in granting summary judgment because of inadequate discovery.

### *Liability*

Plaintiffs allege that Defendants, Chief Vincent, Officer Manuel, and Officer Laseter, were not properly trained to handle such a situation and that their response to the situation was negligent and caused Steven Gunter's death. Plaintiffs, in brief, argue that:

> Neither [Chief Vincent], nor any officer acting directly under her [control], direction and/or supervision can be considered "sufficiently trained" when there is no established (written) operations or policy manual by which to measure "correctness[,"] adequacy, and, most importantly, [c]onstitutionality in existence at the time of the incident in question.

Plaintiffs further contend that the manner in which the situation was handled by Defendants led to Steven Gunter's death and, though none of the police officers for Lake Arthur who are Defendants herein actually shot and killed Steven Gunter, these Defendants share in the responsibility of his wrongful death.

Defendants counter that each law enforcement officer present on the date in question was POST (Peace Officer Standards and Training) certified. Defendants

5

argue, in brief, that "[t]he question of lack of proper training and/or negligent training or supervision is only relevant if there is a breach of the standard of duty of care." Thus, Defendants contend that Plaintiffs offer no evidence to support their assertion "that the actions undertaken by the Lake Arthur Police Department . . . on that fateful day were unreasonable." Finally, Defendants assert that the trial court was correct in granting summary judgment because Plaintiffs failed to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial on a negligence cause of action. We agree.

The law pertaining to both the duty-risk analysis and the duty owed by police officers to the public was set forth by this court in *Batiste v. Gutierrez*, 06-911, pp. 3-4 (La.App. 3 Cir. 12/6/06), 944 So.2d 840, 843, *writ denied*, 07-44 (La. 3/9/07), 949 So.2d 446 (quoting *Wellman v. Evans*, 03-1720, pp. 5-7 (La.App. 3 Cir. 6/16/04), 876 So.2d 954, 958-59, *writ denied*, 04-1760 (La. 10/15/04), 883 So.2d 1057):

> The liability of a police officer is determined using the duty/risk analysis. *Mathieu v. Imperial Toy Corp.*, 94-952 (La.11/30/94), 646 So.2d 318. For a plaintiff to recover, he must prove the defendant had a duty to conform his conduct to a specific standard of care; he failed to conform his conduct to that standard; that substandard conduct was a cause-in-fact of the injury, the substandard conduct was a legal cause of the injury; and damages. A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. *Id*. at 322.

> . . . .

> A police officer, in carrying out his authority to enforce laws, has a duty to perform his function with due regard for the safety of all citizens who will be affected by his action. *Hardy v. Bowie*, 98-2821 (La.9/8/99), 744 So.2d 606. An officer must act reasonably to protect life and limb, to refrain from causing injury or harm, and to exercise respect and concern for the well being of those he is employed to protect. *Syrie v. Schilhab*, 96-1027 (La.5/20/97), 693 So.2d 1173. In considering whether an officer breached his duty, the court's task is not to determine whether the officer should have acted differently or if

6

there were better options available, but only to determine whether his actions were reasonable under the totality of the circumstances. *Syrie*, 693 So.2d 1173; *Mathieu*, 646 So.2d 318.

Pursuant to our thorough *de novo* review of the evidence which was before the trial court, we conclude that the trial court was correct in holding that Plaintiffs failed to produce sufficient evidence to establish that they will be able to prove negligence on the part of these Defendants at trial; thus, no genuine issue of material fact exists. The Motion for Summary Judgment filed by Defendants was properly granted.

## DECREE

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Defendants, the Town of Lake Arthur; Chief Cheryl Vincent, individually and in her capacity as Chief of Police of the Town of Lake Arthur; Officer Jared Manuel, individually and in his official capacity as a police officer for the Town of Lake Arthur; and, Officer Leland Laseter, individually and in his capacity as a police officer for the Town of Lake Arthur, is affirmed. All costs of this appeal are assessed to Plaintiffs/Appellants, Johnnie Thomas Gunter and Lorritta Elizabeth LaCoste, as the natural tutrix of her minor child, Casey Elizabeth LaCoste.

**AFFIRMED.**