786 So.2d 354 (2001)
Anna (Annie) Mae MENARD, et al.
v.
CITY OF LAFAYETTE, et al.
No. 01-4.
Court of Appeal of Louisiana, Third Circuit.
May 23, 2001.
Rehearing Denied June 27, 2001.
*355 Armand J. Brinkhaus, Olivier and Brinkhaus, Sunset, LA, Counsel for Plaintiffs/Appellants Anna (Annie) Mae Menard, et al.
Patrick B. McIntire, Oats & Hudson, Lafayette, LA, Counsel for Defendant/Appellee State of Louisiana, Department of Transportation and Development.
Michael D. Hebert, Steven Joseph Dupuis, Jr., Lafayette, LA, Counsels for Defendant/Appellee City of Lafayette.
Court composed of NED E. DOUCET, Jr., Chief Judge, ULYSSES GENE THIBODEAUX and MICHAEL G. SULLIVAN, Judges.
SULLIVAN, Judge.
Plaintiff's appeal the trial court's grant of summary judgment in favor of the Louisiana Department of Transportation and Development and the City of Lafayette. For the following reasons, we affirm.

Facts
On January 5, 1995, Russell Comeaux was killed in an automobile accident at the intersection of Bertrand Drive and Banks Avenue in the City of Lafayette, Louisiana. He is survived by Plaintiffs, his wife, Anna *356 Mae Menard Comeaux, and their three children.
Just prior to this accident, Mr. Comeaux was traveling in the northbound lane of Banks Avenue approaching the Bertrand Drive intersection. Mrs. Comeaux was traveling in another vehicle behind him. The intersection of Bertrand Drive and Banks Avenue was controlled by a stop sign on Banks Avenue. Bertrand Drive, a four-lane highway divided by a grass median, is owned by the Louisiana Department of Transportation and Development (DOTD). Banks Avenue is a two-lane undivided road owned by the City of Lafayette (the City). At the intersection of Banks and Bertrand, Banks runs in a north-south direction and Bertrand is angled at a northwest-southeast direction. Mr. Comeaux was traveling in the northbound lane of Banks as he approached Bertrand from the south. Approximately one-tenth of a mile before its intersection with Bertrand, Banks had a "stop ahead" sign. The accident occurred when Mr. Comeaux drove into the intersection without slowing down or stopping and his vehicle was struck by an oncoming car that was traveling southeast on Bertrand.
Plaintiffs filed this lawsuit naming the City and DOTD as Defendants. On or about February 9, 1999, the City filed a motion for summary judgment. DOTD filed a motion for summary judgment on February 3, 2000. A hearing was held on both motions on February 22, 2000. At the conclusion of the hearing, the trial court left the record open for sixty days to allow Plaintiffs to retain an expert. On May 22, 2000, Plaintiffs filed the affidavit of Roy W. Anderson, their expert, into the record of this matter. Thereafter, on August 8, 2000, the trial court granted both motions for summary judgment.

Summary Judgment
Appellate courts review summary judgments de novo, under the same criteria which govern a district court's consideration of the appropriateness of summary judgment. See Potter v. First Fed. Sav. & Loan Ass'n of Scotlandville, 615 So.2d 318 (La.1993). Thus, appellate courts use the criteria used by trial courts when determining whether summary judgment is appropriate. Schroeder v. Board of Sup'rs, 591 So.2d 342 (La.1991). The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment may be granted only if the mover has proved that no genuine issues of material fact exist and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. Despite the legislative mandate now favoring summary judgments, "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." Willis v. Medders, 00-2507, p. 2 (La.12/8/00); 775 So.2d 1049, 1050.

Cause-in-Fact
Plaintiffs allege in their petition that Defendants are liable to them for Mr. Comeaux's death because the intersection was hazardous and was inadequately marked as there was no semaphore signal and/or the stop sign was inadequate and/or there were no marks or stripes. At the hearing on the motions for summary judgment, the trial court observed that Plaintiffs had not presented any evidence proving that the design of the intersection or lack of a signal was a cause-in-fact of the *357 accident. The trial court further observed that, while the evidence indicated there had been "an inordinate number" of accidents at the intersection in question, he had reservations that the high number of accidents alone was sufficient "to require additional signing or a change in design" or to establish that the "albeit bad intersection was the cause of the accident."
In Duncan v. Kansas City Southern Ry. Co., 00-66, p. 4 (La.10/30/00); 773 So.2d 670, 675-76, the supreme court set forth the four factors which must be present for a plaintiff to establish liability on the part of another:
In order to determine whether liability exists under the facts of a particular case, our Court has adopted a duty-risk analysis. Under this analysis, plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of protection afforded by the duty breached. Syrie v. Schilhab, 96-1027, p. 4-5 (La.5/20/97); 693 So.2d 1173, 1176-77; Berry v. State, Through Dept. of Health and Human Resources, 93-2748, p. 4 (La.5/23/94); 637 So.2d 412, 414; Mundy v. Dept. of Health and Human Res., 620 So.2d 811, 813 (La.1993). Under the duty-risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover. Mathieu v. Imperial Toy Corp., 94-0952, p. 4 (La.11/30/94); 646 So.2d 318, 322.
On the issue of causation, Plaintiffs submitted the affidavit of Roy W. Anderson, their expert witness. Mr. Anderson concluded:
My analysis of the foregoing, particularly the speed limits on both streets, the high traffic volume on Bertrand, the curvature of Bertrand approaching Banks, the width of Bertrand, and the absence of a traffic signal at Banks/Bertrand with nothing more than a stop sign on Banks, more likely than not, had there been a traffic signal at the intersection this accident would not have occurred.
Inadequate or improper intersection signals may create an unusually hazardous risk to a driver exercising "ordinary care and prudence, [and] DOTD may be liable for damage caused by that hazardous condition." Burge v. City of Hammond, 509 So.2d 151, 156 (La.App. 1 Cir.), writ denied, 513 So.2d 285 (La.1987). "However, the duty owed by DOTD does not include the obligation to protect a plaintiff against harm which would not have occurred but for the grossly negligent operation of the motor vehicle by plaintiff." Id. In Burge, the plaintiff stopped at a flashing red light, then proceeded into an intersection where she was hit by another vehicle. Liability against DOTD was asserted on the basis that the red flashing signal created an unreasonable risk of harm. In finding no liability on the part of DOTD, the court stated in part:
In the area of signals it is probably true that DOTD could always do more. However, it is an unreasonable burden to make DOTD liable for additional signals where the plaintiff involved does not heed those that are present.... We hold that the department's duty to maintain highways in a reasonably safe condition which includes adequate signing and signaling does not extend to the risk of a plaintiff whose injury is caused by her own gross negligence and inattention to a properly working, clearly visible, traffic signal.
Id. at 157.
On the issue of causation, the court concluded:

*358 We know of no jurisprudential presumption to the effect that had additional or different signals been used the driver would have obeyed them or that the failure of the state to provide additional or different signalization of the intersection is always the cause of an accident occurring at that intersection.
Id.
In Lamaire v. Motor Convoy, Inc., 625 So.2d 638 (La.App. 3 Cir.1993); writs denied sub nom. Lemaire v. Stewart, 93-2778 (La.1/7/94); 632 So.2d 754, this court, citing Burge, 509 So.2d 151, upheld the trial court's finding that DOTD's failure to install a traffic light was not a cause-in-fact of a fatal accident that occurred when a motorist failed to stop at a stop sign. We noted that plaintiffs did not present any evidence, other than an expert's conclusory statement, to support their assertion that the errant motorist who ran a stop sign would have obeyed a traffic light.
The same is true here. Plaintiffs did not introduce any evidence which established that the design of the intersection, lack of a semaphore signal at the intersection, size of the stop sign or lack of markings on Banks Avenue was a cause-in-fact of Mr. Comeaux's accident. The evidence on the issue of cause-in-fact simply shows that Mr. Comeaux failed to obey an unobstructed stop sign. While Plaintiffs did establish that the number of accidents at the intersection warranted the installation of a signal, which was ultimately installed in 1997, they have produced no evidence, other than Mr. Anderson's conclusory statement that a traffic signal "more likely than not" would have prevented this accident. Plaintiffs also suggest on appeal that the lighting on Banks Street made it difficult to see the stop sign. However, there is no evidence in the record to support this argument.
Application of the duty-risk analysis shows that Mr. Comeaux's failure to stop at the stop sign was the cause-in-fact of the accident. He had a duty to stop at the stop sign and yield the right of way to favored traffic; he breached that duty. La.R.S. 32:123. Under these circumstances, there is no genuine issue of material fact as to DOTD's and the City's liability for the accident.

Decree
The judgment of the trial court is affirmed. All costs of this appeal are assessed to Plaintiffs.
AFFIRMED.
THIBODEAUX, J., dissents.
THIBODEAUX, J., dissenting.
We have to be mindful that this is a summary judgment proceeding and that cause-in-fact of the harm is essentially a factual determination that is usually left for the fact finder. Theriot v. Lasseigne, 93-2661 (La.7/5/94); 640 So.2d 1305. The trial court may grant a summary judgment in the case where no reasonable minds could differ regarding the uncontested facts. Nicholson v. Calcasieu Parish Police Jury, 96-314 (La.App. 3 Cir. 12/11/96); 685 So.2d 507. If the mover proves that under the undisputed facts, the action could not reasonably be the cause-in-fact of the harm, summary judgment should be granted unless the non-mover sets forth genuine issues of material fact. If the party moving for summary judgment convincingly demonstrates the absence of a genuine issue of material fact, La.Code Civ.P. art. 966(C) requires the party opposing the motion to show that evidence exists on the basis of which a reasonable juror could possibly, not that he would, find in his favor. Thus, the party opposing the motion, (in this case, the plaintiffs ) need not show that he can satisfy his *359 burden of persuasion at trial; he need only show that he can satisfy his burden of production of evidence from which a reasonable juror could conclude in his favor.
Whether a party's act was a cause-in-fact means we must determine if the party may be liable under the duty-risk analysis. Cay v. State, DOTD, 93-887 (La.1/14/94); 631 So.2d 393. The plaintiffs did not produce evidence that the alleged defects in the intersection were the cause-in-fact of the accident. However, in imposing this standard at the summary judgment stage in this case, the majority has placed an undue burden of production on the plaintiffs. The fact that Mr. Comeaux did not stop for the stop sign is not in dispute. The plaintiffs admitted Mr. Comeaux was most likely partially at fault in causing the accident. It is admitted that he ran through it, breaking the law, and causing the accident. Cause-in-fact is usually a "but for" inquiry; if plaintiff probably would not have sustained the injuries but for defendant's substandard conduct, such conduct is a cause in fact. However, an act is also the cause-in-fact of an injury, if it is a "substantial factor" in bringing about the harm. Edwards v. Horstman, 96-1403 (La.2/25/97); 687 So.2d 1007; Foster v. ConAgra Poultry Co., 95-793 (La. App. 3 Cir. 2/14/96); 670 So.2d 471, writ denied, 96-0645 (La.4/26/96); 672 So.2d 674. Thus, the defendant's conduct does not have to be the sole cause of the injury. Theriot, 640 So.2d 1305. An act is a cause-in-fact in bringing about the injury when the harm would not have occurred without it.
Prior to 1980, Louisiana law did not allow a plaintiff to recover in a negligence action if the plaintiff's legal negligence contributed to the injury. However, this law was replaced by the doctrine of comparative fault which provides that "[c]omparative fault attributable to the individual user shall not bar recovery but shall reduce the award of compensatory damages proportionally, according to the amount of fault attributable to the individual user." La.R.S. 9:2800.68. Thus, although Mr. Comeaux was at least partially at fault for running the stop sign, DOTD and the City also may have been negligent which would allow the plaintiffs to receive a certain percentage of damages. As this court stated in a previous case:
DOTD has a duty to maintain the highways and shoulders in a reasonably safe condition. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980); Holmes v. State, Through Dept. of Highways, 466 So.2d 811 (La.App. 3rd Cir.1985), writ denied, 472 So.2d 31 (La.1985). This duty "extends to the protection of those people who foreseeably may be placed in danger by an unreasonably dangerous condition." Gadman v. State Through D. of Transp. & Dev., 493 So.2d 661, 666 (La.App. 2nd Cir.), amended in part, 497 So.2d 1001 (La.1986); Sinitiere v. Lavergne, supra; Holmes v. State, Through Dept. of Highways, supra. The present suit against DOTD is grounded on both negligence and strict liability theories of recovery. Under either theory DOTD's duty is the same. Kent v. Gulf States Utilities, 418 So.2d 493 (La.1982). DOTD may fulfill its duty by taking steps to eliminate or reduce the risks associated with the dangerous condition or it may post adequate warnings of the danger. More important to our present inquiry, DOTD owes this duty to imprudent drivers as well. Gadman, supra, Burge v. City of Hammond, 494 So.2d 539 (La.1986). Our shared experiences teach drivers are not always attentive and they do exceed the speed limits. When "the fault of a motorist and the fault of a governing body responsible for warning motorists against unusually dangerous road hazards combine to produce *360 an accident, comparative negligence is applicable." Gadman, supra; Veazey v. Parish of Avoyelles, 476 So.2d 1057 (La.App. 3rd Cir., 1985), writ denied, 478 So.2d 1238 (La.1983); Ledbetter v. State Dept. of Transp. and Dev., 482 So.2d 1035 (La.App. 3rd Cir. 1986), writ granted, 487 So.2d 432 (La.1986).
Theriot v. Lasseigne, 624 So.2d 1267, 1272 (La.App. 3 Cir.1993); rev'd on other grounds, 93-2661 (La.7/5/94); 640 So.2d 1305.
The fact that Mr. Comeaux may have been an imprudent driver does not automatically preclude the plaintiffs from recovery. A showing that a state or local agency has been negligent and has failed to maintain the roads and intersections in a reasonably safe condition, would appear to give rise to the presumption, for purposes of permitting a plaintiff's case to survive a motion for summary judgment, that the dangerous condition was a cause-in-fact of the accident and/or injury.
Moreover, the evidence shows that Russell Comeaux was a prudent and customarily a safe driver. Thus, a reasonable jury could find that had he been alerted by a flashing light or a traffic signal, he would not have proceeded through the intersection as he did. It is a question for the fact-finder to apportion the percentages of fault, if any, and decide whether: (1) but for the lack of a stop light, Mr. Comeaux would not have gone into the intersection into the path of the oncoming vehicle; and (2) the City and DOTD were negligent in not conducting a study to determine whether a traffic light was called for at the intersection.
Moreover, affidavits of expert witnesses may be considered in a motion for summary judgment to the extent the testimony would be admissible at trial. If the party who opposes the summary judgment motion submits expert opinion evidence that would be admissible at the trial on the merits and that evidence is sufficient "to allow a reasonable juror to conclude the expert's opinion on a material fact more likely than not is true," the court must deny the summary judgment motion. Willis v. Medders, 00-2507, p. 2 (La.12/8/00); 775 So.2d 1049. Additionally,
summary judgments deprive the litigants of the opportunity to present their evidence to a jury and should be granted only when the evidence presented at the motion for summary judgment establishes that there is no genuine issue of material fact in dispute. If a party submits expert opinion evidence in opposition to a motion for summary judgment that would be admissible under Daubert-Foret and the other applicable evidentiary rules, and is sufficient to allow a reasonable juror to conclude that the expert's opinion on a material fact more likely than not is true, the trial judge should deny the motion and let the issue be decided at trial.
Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00); 755 So.2d 226, 236.
In opposition to the defendants' motion for summary judgment, the plaintiffs submitted the affidavit of Roy W. Anderson. Mr. Anderson is a registered professional engineer and President of Transafety, Inc., a business that provides consulting services concerning the safety of motorists and others affected by the design, construction, and maintenance of highways. He considered the high traffic volume on Bertrand, the way Bertrand curved in its approach to Banks, the width of Bertrand, the absence of a traffic signal at Banks/Bertrand, the accident reports for 1992, 1993, and 1994, the accident report of this case, photographs and a video of the intersection from all approaches, the affidavits submitted by the defendants, maps *361 of the intersection, DOTD traffic counts, and the speed limits on Banks and Bertrand, in drawing his conclusions. He reached the conclusion that a traffic light should have been installed at the intersection prior to January 5, 1995. His preliminary report revealed two one-year periods with five accidents each, which, in his expert opinion, could have been prevented had there been a traffic signal at the intersection. He stated the Manual on Uniform Traffic Control Devices (MUTCD), Part IV, Signals, 4C-8 Warrant 6, Accident Experience, provides the accident experience warrant is satisfied when "five or more reported accidents, of types susceptible to correction by traffic signal control, have occurred within a 12-month period..." Thus, according to Mr. Anderson, the intersection met the requirements of the MUTCD in two periods prior to the accident in which Mr. Comeaux was involved. He stated that he felt drivers on Banks might have difficulty judging the speed of southeasterly bound Bertrand traffic as it approaches the intersection due to a curve in the road. The plaintiffs argued that a reasonable inference could be drawn from his statements that, due to the high number of accidents at the intersection, the City and DOTD had a duty to conduct a traffic survey to determine the necessity of a traffic signal light.
Under the Independent Fire standard, the trial court was required to draw inferences from the undisputed facts that are most favorable to the party opposing the motion. "In deciding a motion for summary judgment, the court must assume that all of the affiants are credible." Independent Fire Ins. Co., 755 So.2d at 236. The expert affidavits submitted by the defendants and the plaintiffs as to whether or not the defendants were negligent in failing to undertake a traffic study conflict, which is an indication that there are a number of disputed facts. The trial court and the majority err when they fail to find that a genuine issue of material fact was created by the inferences reasonably drawn from the plaintiffs' expert's affidavit. This evidence was sufficient to create the possibility that a reasonable trier of fact could have concluded in the plaintiffs' favor.
For the foregoing reasons, I respectfully dissent.