# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 10-373

DWIGHT PHILLIPS AND JOY PHILLIPS, INDIV., ETC.

VERSUS

LAFAYETTE PARISH SCHOOL BOARD, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20084227
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Jarvis Jerome Claiborne
Kenneth M. Willis
814 North Main Street
Opelousas, LA 70571-1033
Telephone:  (337) 948-4336
COUNSEL FOR:
    Plaintiffs/Appellants - Dwight Phillips, Joy Phillips, and Joseph Shelvin

Dawn L. Morris
Law Office of Dawn L. Morris
1106 Coolidge Boulevard - Suite A
Lafayette, LA 70503
Telephone:  (337) 704-2094
COUNSEL FOR:
    Defendants/Appellees - Lafayette Parish School Board and Dr. Louella Cook, Indiv., Etc.

**THIBODEAUX, Chief Judge.**

Appellants, Dwight and Joy Phillips, individually, and on behalf of their minor son, Joseph Shelvin, assert that the trial court erred by striking their opposition to a motion for summary judgment and an affidavit attached to it, by granting a summary judgment in favor of Lafayette Parish School Board (the Board) and Louella Cook, and by relying on an affidavit not based on personal knowledge. For the following reasons, we affirm.

I.

**ISSUES**

We shall consider whether the trial court erred by:

(1) striking Appellants' opposition to a motion for summary judgment and an affidavit attached to it where the trial court held a hearing over four months after Appellees filed the motion and the Appellants filed their opposition three days before the hearing; and,

(2) granting Appellees' unopposed motion for summary judgment on the claims of defamation and intentional infliction of emotional distress.[1]

II.

**FACTS**

In August of 2007, Dwight was dropping off his step-son, Joseph Shelvin, at the school's bus-unloading area. The school's principal, Louella Cook, was on duty that day. After noticing Dwight's vehicle, she approached it and advised

---

[1]Appellants also argued that the trial court erred by relying on an affidavit not based on personal knowledge. "[A]n appellate court may not decide issues the trial court did not consider." *Ducote v. Union Pac. R.R. Co.*, 08-1208, p. 9 (La.App. 3 Cir. 2/4/09), 4 So.3d 240, 247, *writ denied*, 09-940 (La. 6/5/09), 9 So.3d 877 (citing *Gorham v. Mathieson Alkali Works, Inc.*, 27 So.2d 299 (La.1946)). Here, Appellants neither objected to the introduction of the affidavit, nor did they file a motion to strike it. Under the circumstances of this case, we decline to consider the issue because it is not properly before this court.

Dwight that he was unloading the child in the wrong area. Cook then directed him to the car drop-off area. Then, according to Cook, Dwight began screaming at Cook, and, during this screaming, Dwight told Cook that he would return and "get her."

Fearing for her safety and the safety of the staff and visitors of the school, Cook contacted the police. The investigating officer, after an interview with Cook, interviewed Dwight. In the course of that interview, according to the officer, Dwight admitted that he threatened Cook. Relying on both Cook's complaint and Dwight's admission, the officer arrested Dwight for disturbing the peace by threats.

According to Cook, sometime prior to this incident, a bus driver reported that during a bus stop a man, who was talking loudly, got on the bus and refused to get off the bus. To determine the identity of the man, Cook and her staff questioned students who were present on the bus at the time of the incident. One of the students was Joseph Shelvin. After speaking with the students, Cook and her staff learned that the man was Dwight Phillips. At no time was Cook alone with any of the students, and no interview lasted over ten minutes.

After Dwight's arrest, Appellants filed the suit asserting various causes of action. Some of them were dismissed, and the only causes of action subject to this appeal are Dwight's defamation and Joseph Shelvin's intentional infliction of emotional distress. The Board and Cook motioned for summary judgment on these claims in June of 2009. To support the motion, they submitted Cook's and the police officer's affidavits describing the events.

After rescheduling several times, the trial court ultimately scheduled the hearing for November 9, 2009. Appellants filed their opposition and an affidavit on Friday, November 6, 2009. The Board and Cook motioned to strike these late filings, and the trial court granted the motion. Then, the trial court granted a summary judgment in favor of the Board and Cook.

2

III.

## STANDARD OF REVIEW

Appellate courts review for abuse of discretion the trial court's exclusion of an opposition to a motion for summary judgment. *Higginbotham v. Rapides Found.*, 07-538 (La.App. 3 Cir. 10/31/07), 968 So.2d 1226. Appellate courts review summary judgments de novo. *Guilbeaux v. Times of Acadiana, Inc.*, 96-360 (La.App. 3 Cir. 3/26/97), 693 So.2d 1183, *writ denied*, 97-1840 (La. 10/17/97), 701 So.2d 1327.

IV.

## LAW AND DISCUSSION

### (1) Motion to Strike for Untimeliness

Unless the trial court sets a shorter time, the party opposing the motion for summary judgment must serve the opposing affidavits and memorandum in support at least eight calendar days before the hearing. La.Code Civ.P. art. 966(B)[2]; District Court Rules, Rule 9.9(b). "The time limitation established by La. C.C.P. art. 966(B) for the serving of affidavits in opposition to a motion for summary judgment is mandatory; affidavits not timely filed can be ruled inadmissible and properly excluded by the trial court." *Buggage v. Volks Constructors*, 06-175, p. 1 (La. 5/5/06), 928 So.2d 536, 356 (citing *Am. Bank & Trust Co. v. Int'l Dev. Corp., Inc.*, 506 So.2d 1234 (La.App. 1 Cir.1987)). *See also Guillory v. Chapman*, 10-1370 (La. 9/24/10), __So.3d__ (reversing this court and holding that the trial court did not

---

[2]The recent changes to La.Code Civ.P. art. 966 altered the language of the article's timing provisions. Instead of explicitly stating the time limit, the amended La.Code Civ.P. art. 966 directs one to the District Court Rule 9.9. The District Court Rule 9.9, in turn, supplies the eight-day time limit. Because under the old and the new versions of La.Code Civ.P. art. 966 the time limit is the same, this court does not need to address whether the amendment was procedural and, therefore, retroactive.

abuse its discretion by deciding to follow the mandatory language of La.Code Civ.P. art. 966(B) regarding timing).

The supreme court's language indicates that the trial courts have some discretion to *allow* the late-filed materials. Nevertheless, these decisions indicate that it is not an abuse of discretion to *disallow* the late-filed materials because of the statute's mandatory language.

Here, the hearing on the motion for summary judgment occurred over four months after the motion's filing. Appellants requested and were granted a continuance. Yet, they filed their opposition and affidavit three days before the hearing, and on the Friday preceding a hearing on Monday. The trial court did not abuse its discretion when it granted Appellees' motion to strike the untimely opposition and affidavit.

(2) Motion for Summary Judgment

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Although the burden of proof remains with the movant, if the movant will not bear the burden of proof at trial, the movant need not negate all essential elements of the adverse party's claim, action, or defense. La.Code Civ.P. art. 966(C)(2). Instead, the movant must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.*

If the movant has made a prima facie case that the motion should be granted, the burden shifts to the adverse party to produce enough evidence to show that some issues of material fact remain. *Hutchinson v. Knights of Columbus,*

4

*Council No. 5747*, 03-1533 (La. 2/20/04), 866 So.2d 228. If the non-moving party fails to produce the evidence sufficient to raise an issue of material fact, the court must grant the motion as a matter of law. *Id.*

Once the movant satisfied his initial burden, the non-moving party may not simply rely on the allegations or denials contained in the pleadings. La.Code. Civ.P. art. 967; *Ardoin v. Pitre*, (La.App. 3 Cir. 1983), 430 So.2d 815. Instead, the non-moving party must submit affidavits or other evidence or state specific facts that would show a genuine issue for trial. *Id.*

### (A) Intentional Infliction of Emotional Distress (IIED)

The essential elements of an IIED claim are: (1) intent to cause (2) severe emotional distress by (3) extreme and outrageous conduct. *White v. Monsato Co.*, 585 So.2d 1205 (La.1991). "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* at 1209. Merely tortious or illegal conduct does not rise to the level of extreme and outrageous. *Nicholas v. Allstate Ins. Co.*, 99-2522 (La. 8/31/00), 765 So.2d 1017. Thus, "[l]iability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *White*, 585 So.2d at 1209. "The distress suffered must be such that no reasonable person could be expected to endure it." *Id.* at 1210.

Here, Appellees submitted Cook's affidavit that on the day of the incident she simply directed Phillips to drop off his son at the proper area. She further attested that she did not speak with Joseph Shelvin, Phillips's step-son, about this incident. She and several members of her staff questioned Joseph Shelvin and other students about the incident that occurred several days earlier. That was the

incident where a man refused to get off the school bus. Cook stated that she and her staff, in an attempt to ascertain the identity of the man, questioned the students who were on the bus at the time of the incident. At no time was Cook alone with any of the students, and no interview lasted over ten minutes. Based on this, this court concludes that Appellees carried their initial summary judgment burden.

The next question is whether Appellants sustained their burden of producing evidence sufficient to raise an issue of material fact. The only evidence in the record are Cook's and the arresting officer's affidavits. Appellants' opposition to the summary judgment and Phillips's affidavit were stricken from the record as untimely. Therefore, Appellants did not sustain their burden of production. Based on these considerations, the trial court committed no error by granting Appellees' motion.

### (B) Defamation

The elements of a defamation claim are: (1) false and defamatory statement about another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and, (4) resulting injury. *Trentecosta v. Beck*, 96-2388 (La. 10/21/97), 703 So.2d 552. Statements that expressly or implicitly accuse another of criminal conduct are defamatory per se. *Kennedy v. Sheriff of E. Baton Rouge*, 05-1418 (La. 7/10/06), 935 So.2d 669 (citing *Costello v. Hardy*, 03-1146 (La. 1/21/04), 864 So.2d 129; *Cangelosi v. Schwegmann Bros. Giant Super Mkts.*, 390 So.2d 196 (La.1980)). Fault and injury are presumed when the plaintiff shows a publication of statements defamatory per se. *Id.* (citing *Costello*, 864 So.2d 129).

In some cases, conditional privilege is a defense to a defamation action. *Id.* "The doctrine of privilege rests upon the notion that sometimes, as a matter of public policy, in order to encourage the free communication of views in certain

defined instances, one is justified in communicating defamatory information to others without incurring liability." *Id.* at 681 (citing *Toomer v. Breaux*, 146 So.2d 723 (La.App. 3 Cir. 1962)).

To determine whether the conditional or qualified privilege exists, "[f]irst, it must be determined whether the attending circumstances of a communication occasion a qualified privilege." *Id.* at 682 (citation omitted). Next, the court must determine whether the privilege was abused. *Id.* (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730). Grounds for abuse are malice or lack of good faith. *Id.*

Qualified privilege exists when a possible criminal activity is reported to the proper authorities, provided that the report was made in good faith. *Kennedy*, 935 So.2d 669 (citations omitted). Thus, where a private, non-public figure plaintiff brings an action against a private, non-media defendant who spoke on the matter of public concern (the report to law enforcement of suspected criminal activity), the defendant may assert qualified privilege as a defense. *Id.*

The privilege's effect is to rebut the allegations of malice or fault and to shift the burden of proof onto the plaintiff to establish abuse of the privilege. *Id.* (citing *Smith*, 639 So.2d 730). The plaintiff may establish the defendant's abuse of the privilege by showing that the defendant either knew the matter to be false or acted in reckless disregard as to its truth or falsity. *Id.* (citing *Trentecosta*, 703 So.2d 552). The showing of mere negligence is insufficient. *Id.*

Here, because Cook and the Board assert an affirmative defense of conditional privilege, they have the burden of proof. It is undisputed that Cook reported Phillips's alleged threats to the police. That communication of an allegedly criminal activity was on the matter of public concern to the proper authorities. Thus, the circumstances surrounding the publication to the third party occasioned a

qualified privilege. Therefore, the burden shifted onto Phillips to prove that Cook abused the privilege.

By submitting Cook's and the police officer's affidavits, Appellees made a prima facie case that their motion for summary judgment should be granted. Phillips, because the publication accused him of criminal conduct, was entitled to a presumption in his favor on the elements of falsity, fault, and injury. Nevertheless, Appellees' supported assertion of privilege rebutted Phillips's allegations of fault and shifted onto Phillips the burden of establishing Cook's abuse of the privilege. While in the petition Phillips alleged that he never threatened Cook, he submitted no evidence whatsoever. At this point, Phillips could not rely on mere allegations in his pleadings. Instead, he had to produce some evidence which would show a disputed issue of material fact. He failed to do so, and, therefore, the trial court committed no error by granting Appellees' motion for summary judgment.

V.

**CONCLUSION**

Summary judgment in favor of Lafayette Parish School Board and Louella Cook is affirmed. Costs of this appeal are assessed to Dwight and Joy Phillips.

**AFFIRMED**.