# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 15-63

**ESTATE OF LELIA MARIE SHELVIN, ET AL.**

**VERSUS**

**MICHAEL J. NEUSTROM, LAFAYETTE PARISH SHERIFF**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20134024
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.

**AFFIRMED.**

**Jason T. Reed**
**James L. Pate**
**Neuner Pate**
**P.O. Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Michael J. Neustrom, Lafayette Parish Sheriff**

**Jarvis Jerome Claiborne**
**Attorney at Law**
**814 North Main Street**
**Opelousas, LA 70570**
**(337) 948-4336**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Estate of Lelia Marie Shelvin**
    **Toshia Robertson**
    **Terrance Shelvin**
    **Tyrone Shelvin**

**SAUNDERS, Judge.**

Plaintiffs, Estate of Lelia Marie Shelvin, Toshia Robertson, Terrance Shelvin, and Tyrone Shelvin (hereafter collectively "Appellants"), appeal from the trial court's grant of summary judgment in favor of Defendant, Mike Neustrom, in his official capacity as Sheriff of Lafayette Parish (hereafter "Appellee). For the reasons that follow, we affirm the trial court's judgment in all respects.

**FACTS AND PROCEDURAL HISTORY**

In the very early morning hours of August 9, 2012, Lelia Marie Shelvin (hereafter "Ms. Shelvin") was arrested for aggravated battery with a dangerous weapon. She was booked and placed into the custody of the Lafayette Parish Correctional Center. On the afternoon of August 9, 2012, Ms. Shelvin tragically committed suicide in her cell.

Toshia Robertson, Terrance Shelvin, and Tyrone Shelvin are Ms. Shelvin's surviving children. On August 9, 2013, Appellants filed a petition for damages against Appellee alleging he was at fault for Ms. Shelvin's suicide. Thereafter, on June 2, 2014, Appellee filed an exception of no right of action, in which he asserted that the estate of Lelia Marie Shelvin was not a proper plaintiff pursuant to La.Civ.Code art. 2315.1, and motion for summary judgment, in which he asserted that Appellee had breached no duty to Ms. Shelvin because her suicide was "a sudden and completely unpredictable event." Appellees facsimile filed an opposition on July 21, 2014, followed by a hard copy on July 28, 2014. Following a hearing held on July 28, 2014, the trial court granted Appellee's exception of no right of action and motion for summary judgment and dismissed the suit. Formal judgment to that effect was signed on August 7, 2014. Appellants appeal the judgment of the trial court granting summary judgment in favor of Appellees.

## ASSIGNMENTS OF ERROR

Appellants assert the trial court erred in granting summary judgment in Appellee's favor because:

1.      it erroneously found that Appellants had not filed an opposition to Appellee's motion;

2.      it failed to perform an analysis of whether a genuine issue of material fact existed;

3.      genuine issues of material fact did exist; and

4.      Appellants had not had an opportunity to conduct adequate discovery.

## ASSIGNMENT OF ERROR NUMBER ONE

In briefing their first assignment of error, Appellants focus on the trial court's treatment of Appellee's motion as unopposed and its determination that Appellants forfeited the privilege of oral argument. We find this assignment of error to lack merit.

Louisiana Code of Civil Procedure Article 966(B) and La.Dist.Ct. Rule 9.9(c) establish the time limits within which affidavits opposing a motion for summary judgment must be served. The time limits imposed are mandatory. *Buggage v. Volks Constructors*, 06-0175 (La. 5/5/06), 928 So.2d 536. However, a trial court has the discretion to allow the late-filing of affidavits in opposition to summary judgment. *Phillips v. Lafayette Parish Sch. Bd.*, 10-373 (La.App. 3 Cir. 12/08/10), 54 So.3d 739. But, "affidavits not timely filed can be ruled inadmissible and properly excluded by the trial court." *Buggage*, 928 So.2d at 536. A trial court "does not abuse its discretion in choosing *to follow* the mandatory eight-day limit; nor is there abuse in choosing *to allow* late-filed opposition materials if there is no

prejudice to the mover." *Tolliver v. Broussard*, 14-738, p.10 (La.App. 3 Cir. 12/10/14), 155 So.3d 137, 144, *writ denied*, 15-0212 (La. 4/17/15), 168 So.3d 401. Thus, a trial court's determination to exclude a late-filed opposition to summary judgment is reviewed for abuse of discretion. *Phillips*, 54 So.3d 739; *Buggage*, 928 So.2d 536.

In the instant matter, Appellee's motion was filed on June 2, 2014. Hearing on the motion was set for July 28, 2014; Appellants' opposition was due on July 18, 2014. *See* La.Code Civ.P. art. 966(B); La.Dist.Ct. Rule 9.9. Appellants did not move to continue the hearing. Thus, the motion had been pending for eight weeks at the time Appellants' opposition was finally filed. In brief, Appellants assert that, because their counsel suffered from an illness, there was good cause for allowing the late-filed opposition. However, Appellants fail to explain how counsel's illness prevented him from timely filing an opposition and why a continuance was not sought. Appellants additionally assert Appellee would not have been prejudiced by acceptance of the late-filed opposition, as is demonstrated by the fact that Appellee filed two additional memoranda in support of summary judgment after Appellants filed their opposition. Nevertheless, there is no requirement that the trial court make a finding of prejudice to the movant in order to disallow late-filed oppositions. *Mahoney v. E. Carroll Parish Police Jury*, 47,494 (La.App. 2 Cir. 9/26/12), 105 So.3d 144, *writ denied*, 12-2684 (La. 2/8/13), 108 So.3d 88.

In further support of their assertion that the trial court erred in granting summary judgment in favor of Appellee, Appellants make reference to the trial court's statement that "[Appellants] really lost [their] right to argue anyway." We first note that counsel for Appellants did not attend the hearing on the motion. Although Appellants cite their attorney's health issues as the cause, no motion for

3

a continuance was filed, and we note that the record reveals counsel for Appellant was aware of his health issues in advance of the hearing. Additionally, La.Dist.Ct.R. 9.9(e), provides that "[p]arties. . . may forfeit the privilege of oral argument" by failing to timely serve supporting memoranda. Thus, it is clear that the trial court has the discretion to disallow oral argument when supporting memoranda are not timely served.

We note finally that La.Dist.Ct.R. 9.10(c) provides that memoranda in opposition to a motion for summary judgment "shall contain (1) A list of material facts that the opponent contends are genuinely disputed; and (2) A reference to the document proving that each such fact is genuinely disputed, with the pertinent part designated." In the instant matter, Appellants' opposition memorandum consisted of ten short paragraphs of facts alleged to be disputed, but with no references to any documents that potentially proved their statement of disputed facts. In fact, there was not a single document attached as an exhibit to support their assertions in the ten paragraphs or prove the facts alleged to be disputed. The memoranda contained nothing more than conclusory and unsupported allegations. Thus, even if the trial court had admitted the memoranda in opposition, it would not have shown genuine issues of material fact for trial. Thus, summary judgment in favor of Appellee was proper on these grounds, as well.

In light of the foregoing, we find that the trial court did not abuse its discretion in excluding the opposition and ruling on the pleadings. Thus, the trial court did not err in granting the motion for summary judgment in favor of the defendant.

**ASSIGNMENTS OF ERROR NUMBER TWO AND THREE**

4

We now turn to Appellants' second and third assignments of error, both of which focus on whether a genuine issue of material fact existed, in light of our conclusions that Appellants' memoranda in opposition to summary judgment was properly excluded, that the trial court did not commit an abuse of discretion in refusing to hear oral argument in opposition, and that the opposition memoranda would not have raised a genuine issue of material fact even if it had been admitted. Because they raise essentially the same issues, we address these assignments together.

**Standard of Review on Summary Judgment**

Summary judgments are subject to a de novo review under the same criteria as the trial court. *Menard v. City of Lafayette*, 01-4 (La.App. 3 Cir. 5/23/01), 786 So.2d 354.

> "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for the purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). The movant bears the burden of proof on the motion.
>
> However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant need not negate all essential elements of the adverse party's claim, action, or defense, but rather must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La.Code Civ.P. art. 966(C)(2). *Thibodeaux v. Lafayette Gen. Surgical Hosp.*, LLC, 09–1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544.

5

*Guilbeau v. Domingues*, 14-328, p.3 (La.App. 3 Cir. 10/1/14), 149 So.3d 825, 827, *writ denied*, 14-2283 (La. 1/16/15), 157 So.3d 1132.

> Once the movant satisfied his initial burden, the non-moving party may not simply rely on the allegations or denials contained in the pleadings. La.Code. Civ.P. art. 967; *Ardoin v. Pitre*, (La.App. 3 Cir.1983), 430 So.2d 815. Instead, the non-moving party must submit affidavits or other evidence or state specific facts that would show a genuine issue for trial. *Id.*

*Phillips*, 54 So.3d at 743.

### Negligence Pursuant to La.Civ.Code art. 2315

Whether an act constitutes negligence pursuant to La.Civ.Code 2315 is determined using a duty/risk analysis. *Mathieu v. Imperial Toy Corp.*, 94-0952 (La. 11/30/94), 646 So.2d 318.

> [I]n order for liability to attach under a duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).

*Id.* at 322. "If the plaintiff fails to prove any one element by a preponderance of the evidence, the defendant is not liable." *Perkins v. Entergy Corp.*, 00-1372, 00-387, 00-1440, p. 7 (La. 3/23/01), 782 So.2d 606, 611.

Prison officials must exercise reasonable care to protect inmates from harm, including harm from suicide or other self-inflicted injury. *Scott v. State*, 618 So.2d 1053 (La.App. 1 Cir.), *writ denied*, 620 So.2d 881 (La.1993). However, the actions of the prison officials are examined in the surrounding circumstances, and "in order to recover for the negligence of prison authorities, the plaintiff must prove that the authorities knew or should have known that there was a risk that the

inmate would harm himself and that they failed to take reasonable precautions to guard against such harm." *Id.* at 1058.

**Discussion**

In the instant matter, Appellees submitted the affidavits of six employees of the Lafayette Parish Correctional Center. Marty Miller ("Miller"), a captain and jail commander at Lafayette Parish Correctional Center swore that Appellee requires that each deputy assigned to work at the Lafayette Parish Correctional Center complete suicide prevention training upon hire and, thereafter, on an annual basis. He further attested that each arrestee undergoes a preliminary medical examination prior to intake into the jail; that the preliminary screening is designed to identify any potential medical issue, including mental health issues and suicide risk; and that if any significant medical issue is identified during the preliminary screening, a licensed practical nurse performs a second screening. He also swore that any arrestee identified as having a potential mental health issue or who demonstrates any potentially suicidal behavior is promptly referred to a mental health professional and/or placed on suicide watch. Finally, Miller attested that it is the policy at the jail to conduct wellness checks on the inmates every thirty minutes.

In her affidavit, Carolyn Woods ("Woods"), an intake deputy, stated that she conducted a preliminary medical screening of Ms. Shelvin. Woods attested that she referred Ms. Shelvin for a second medical exam because Ms. Shelvin reported untreated high blood pressure, but that Ms. Shelvin did not exhibit any behavior that indicated she might suffer from a mental health issue or attempt suicide. In her affidavit, Dianna Beaugh ("Beaugh"), a licensed practical nurse, declared that she conducted a medical screening of Ms. Shelvin, during which she was initially

7

tearful, but that she "calmed down almost immediately and was lucid and cooperative," and that Ms. Shelvin advised her she suffered from high blood pressure, which was not treated at the time. Beaugh further swore that Ms. Shelvin did not indicate she was in any distress that she expressly denied any thoughts of suicide. Daneisha Marks ("Marks"), also a licensed practical nurse, swore that she conducted a wellness check of Ms. Shelvin on the date of the incident and that, following the check, she documented that Ms. Shelvin was "lying on bunk. With no complaints voiced."

Latuachier Charles and Samanta Hayes, both deputies, stated in their affidavits that they underwent suicide prevention training at hire and annually thereafter. Each further swore that they conducted wellbeing checks on all inmates on the date of the incident, including on Ms. Shelvin. Finally, each attested that, although Ms. Shelvin was placed in administrative segregation due to her refusal to remove hair accessories, Ms. Shelvin "appeared well" at each check thereafter and did not "appear to pose a threat of suicide and/or self[-]harm."

In light of the affidavits submitted in support of Appellee's motion for summary judgment, which indicated that Ms. Shelvin expressed no behaviors indicative of mental health issues or suicide potential, that each employee of the jail was trained in suicide prevention, and that Ms. Shelvin was checked on and appeared to be no risk to herself, we conclude that Appellee has made a prima facie showing that none of the jail staff knew of or should have been known that Ms. Shelvin presented a risk of harm to herself. Therefore, we conclude that Appellee has made a prima facie showing that there was no breach of the duty owed to Ms. Shelvin. Thus, the burden shifts to Appellants to produce evidence sufficient to raise a genuine issue of material fact on this issue. We conclude that,

because Appellants' opposition was properly excluded by the trial court, and moreover, because it contained no controverting evidence, Appellants failed to carry their burden of production on the motion. Thus, we find no error in the trial court's grant of summary judgment in favor of Appellee.

**ASSIGNMENT OF ERROR NUMBER FOUR**

Appellants assert in their final assignment of error that the trial court erred in granting summary judgment because Appellants had not yet had an opportunity to conduct adequate discovery. We find this assignment to lack merit.

The record reveals that Appellants filed suit on August 9, 2013. Appellee filed the motion for summary judgment on June 2, 2014. Hearing on the motion was not scheduled until July 28, 2014, nearly an entire year after suit was filed. Appellants propounded no discovery during that time and did not move for a continuance of the hearing.

As we explained in *Gunter v. Jefferson Davis Parish*, 11-1018, pp. 4-5 (La.App. 3 Cir. 2/1/12), 84 So.3d 705, 708:

> Louisiana Code of Civil Procedure Article 966(A)(1) provides that a defendant may move for summary judgment "at any time." Further, La.Code Civ.P. art. 966(C)(1) provides that "[a]fter adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted."
>
> > The provision for adequate discovery does not grant a party an absolute right to delay a decision on a motion for summary judgment until all discovery is complete. *West v. Watson*, 35,278 (La.App. 2 Cir. 10/31/01), 799 So.2d 1189, *writ denied*, 01–3179 (La.2/8/02), 809 So.2d 140. Unless the party opposing the motion for summary judgment shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there are no genuine issues of fact. *Advance Products & Systems, Inc. v. Simon*, 06–609 (La.App. 3 Cir. 12/6/06), 944 So.2d 788, *writ denied*, 07–26 (La.3/9/07), 949 So.2d 444. The

9

abuse of discretion standard is used to determine if the trial court allowed adequate time for discovery. *Id.*

Appellee's motion was filed more than nine months after suit was filed. Hearing on the motion was set nearly a year after suit was filed. In light of the fact that Appellants propounded no discovery during that time, yet failed to file a motion for a continuance of the hearing on the motion, we find no merit to Appellants' assertion that they had inadequate time to conduct discovery and thus, that the trial court did not err in granting summary judgment in favor of Appellee.

## CONCLUSION

For the foregoing reasons we affirm the trial court's judgment. All costs of this appeal are assessed to Appellants.

**AFFIRMED.**