# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-1184


**MARGARET C. CAMALO, ET AL.**

**VERSUS**

**PATRICIA LAURA ESTRADA, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20164520
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**AFFIRMED.**

**Alan K. Breaud**
**Breaud & Meyers**
**P. O. Drawer 3448**
**Lafayette, LA 70502**
**(337) 266-2200**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Margaret C. Camalo**
**Frank Camalo**

**Joseph C. Giglio, Jr.**
**Liskow & Lewis**
**P. O. Box 52008**
**Lafayette, LA 70505-2008**
**(337) 232-7424**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Joseph C. Giglio, III**
**Margaret P. Giglio**

**Jonathan B. Andry**
**Andry Law Group, L.L.C.**
**610 Baronne St.**
**New Orleans, LA 70113**
**(504) 525-5535**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Cye Courtois**
**Patricia Laura Estrada**

**EZELL, Judge.**

Patricia and Cye Courtois appeal the decision of the trial court below awarding attorney fees to Margaret and Joseph Giglio for work done on a motion to hold Mr. Courtois in contempt of court. For the following reasons, we affirm the decision of the trial court.

The matter currently before this court is but part of a larger property dispute between the Courtois and two sets of their neighbors, the aforementioned Giglios on one side and Margaret and Frank Camalo on the other. During the course of the litigation, the Courtois and Giglios stipulated to a preliminary injunction preventing either party from communicating with the other, as well as ordering each party to refrain from harassing the other or damaging the other's property. After Mr. Courtois deliberately violated this injunction by damaging drainage, trees, and shrubs on the Giglios' property, among other things, the Giglios filed a motion for contempt.

The trial court found that Mr. Courtois "willfully disobeyed the order and judgment of the court" by cutting the Giglios' shrubs, performing prohibited work within a seven-and-one-half foot setback, damaging the Giglios' drainage pipe, and in peering over the Giglios' wall and photographing their back yard. The trial court imposed a $500.00 fine and set a later hearing to determine an award of attorney fees for the contempt motion. After that later hearing, the trial court awarded the Giglios $11,587.50 in attorney fees.[1] From that decision, the Courtois appeal.

---

[1] Though the trial court stated the award was for $12,387.50 in its oral ruling, the judgment signed by the trial court awarded $11,587.50. In such a situation, the written judgment will prevail. *Hebert v. Hebert*, 351 So.2d 1199, 1200 (La.1977); *Rodgers v. Rodgers*, 26,093 (La.App. 2nd Cir. 9/21/94), 643 So.2d 764.

On appeal, the Courtois assert two assignments of error. They claim that the trial court erred in awarding attorney fees to a party that has not paid nor incurred an obligation to pay attorney fees, and that the trial court erred in striking an untimely supplemental memorandum. The Courtois do not challenge the trial court's finding that Mr. Courtois willfully violated the injunction. We find no error in the decision of the trial court.

The Courtois first assert that attorney fees cannot be awarded to the Giglios, citing *Goodrich v. Exxon Co., USA*, 608 So.2d 1019, 1034 (La.Ct.App. 3 Cir. 1992), *writ denied*, 614 So.2d 1241 (La.1993) (alteration in original) (quoting *Rhodes v. Collier*, 215 La. 754, 41 So.2d 669, 673 (1949)), for the proposition that "In cases where attorneys' fees are allowed, absence of proof that the fees have actually been paid, or an obligation incurred to pay, defeats recovery." They argue that the Giglios' attorney, Mr. Giglio's father, had admitted to representing the couple free of charge and that, therefore, the Giglios had not incurred any obligation to pay attorney fees. It is worth noting again that the Courtois do not challenge the trial court finding Mr. Courtois in contempt, nor do they challenge the amount or reasonableness of the attorney fee award, but merely challenge the trial court's ability to award attorney fees where the Giglios' attorney was representing them for free. We find their argument unpersuasive.

*Goodrich* and the line of older cases cited by the Courtois did not deal with contempt of court, but rather contract disputes and various other civil matters designed to benefit a party to the suits pending in those specific cases. This facet of the current lawsuit before this court was not such a matter, but rather a contempt proceeding based on Mr. Courtois' direct disregard of a court order. A proceeding for contempt in refusing to obey the court's orders is not designed for the benefit of

2

the litigant, though infliction of a punishment may inure to the benefit of the mover in the rule. The object of a contempt proceeding is to vindicate the dignity of the court. *Howard v. Oden*, 44,191 (La.App. 2 Cir. 2/25/09), 5 So.3d 989, *writ denied*, 09-965 (La. 6/26/09), 11 So.3d 496. "The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying the court's order, and its decision will only be reversed when the appellate court can discern an abuse of that discretion." *Id.* at 997. See also *Fradella v. Rowell*, 49,350 (La. App. 2 Cir. 8/13/14), 147 So.3d 817; *Mizell v. Mizell*, 37,004 (La. App. 2 Cir. 3/7/03), 839 So.2d 1222. Yet again, the Courtois do not challenge the ruling holding Mr. Courtois in contempt.

Under La.R.S. 13:4611(1)(g), "[t]he court may award attorney fees to the prevailing party in a contempt of court proceeding provided for in this Section." The general rule is that "[t]he decision whether to grant relief against a recalcitrant party rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion." *Rodock v. Pommier*, 16-809, pp. 12-13 (La.App. 3 Cir. 2/1/17), 225 So.3d 512, 521, *writ denied*, 17-631 (La. 5/1/17), 221 So.3d 70 (alteration in original) (quoting *LeJeune v. Lafayette Tower Serv.*, 94-1240, p. 4 (La.App. 3 Cir. 4/5/95), 653 So.2d 112, 114.)

Based on the record before us, we find no abuse of discretion in the trial court's award of attorney fees related to the contempt of court proceeding below. While the Giglios' attorney may indeed receive something of a windfall under the peculiar facts of this case, it is better in the eyes of this court that a generous attorney receive payment for work actually performed, though originally volunteered, than to reward an intentional bad actor for openly defying a court order. This especially applies in this matter, where Mr. Courtois violated the court order in a willful and

ongoing manner, multiple times, and in multiple ways. We can find no merit in this assignment of error.

The Courtois next claim that the trial court erred in striking their untimely supplemental opposition to the Giglios' motion to fix attorney fees, which had been filed in violation of District Court Rule 9.9. Pursuant to Louisiana District Court Rule 9.9, opposition memoranda must be filed at least eight days before a hearing. Those time limitations are mandatory, and if a filing is untimely, the trial court may rule it inadmissible and exclude it from evidence. *Phillips v. Lafayette Parish Sch. Bd.,* 10-373 (La.App. 3 Cir. 12/8/10), 54 So.3d 739. Although the trial court has some discretion to admit late-filed materials, the trial court's decision to disallow the affidavits is not an abuse of discretion. *Id.*

The Courtois' supplemental memo was clearly filed in an untimely manner, just two days before the scheduled hearing. The trial court was within its discretion to strike the late supplemental opposition memoranda. Moreover, the contents of that stricken memo dealt exclusively with the Courtois' argument above concerning the Giglios' right to attorney fees where their attorney had worked for free. That memo included the same exact contentions and case citations the Courtois made in their unpersuasive arguments before this court. Therefore, our ruling above that the trial court did not err in awarding the Giglios' attorney fees ultimately renders this assignment of error moot. There is no merit in this assertion.

Finally, the Giglios have requested an additional award of attorney fees for work performed on appeal. When an appellee neither appeals nor answers the appeal, he is not entitled to additional attorney fees for legal services rendered on appeal. La.Code Civ.P. art. 2133; *Dugas v. Aaron Rents, Inc.,* 02-1276 (La.App. 3 Cir. 3/5/03), 839 So.2d 1205. Moreover, the award given to the Giglios's attorney is

already substantial for a simple contempt motion and would have been under serious scrutiny had the Courtois actually challenged its reasonableness, rather than merely disputing the trial court's ability to make the award. The Giglios are not entitled to attorney fees for work done on appeal.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against the Courtois.

**AFFIRMED.**