LOLLEY, J.
|, Leo Casey Fradella appeals a judgment of the 26th Judicial District Court, Parish of Bossier, State of Louisiana, wherein the trial court held him in contempt of court for violating a previously rendered consent judgment which granted grandparent visitation rights to Sharon and Jimmy Rowell. Fradella also appeals the trial court’s decision to impose a modified visitation schedule in connection with its findings of contempt. For the reasons that follow, we affirm the trial court’s judgment.
Facts
Sharon and Jimmy Rowell are the maternal grandparents of Garrett and Gabe Fradella, twin boys who are currently 16 years old. Garrett and Gabe’s mother, Fradella’s former spouse, died in April of 2010. Fradella is not the boys’ biological *819 father; however, he adopted them in 2006 when they were approximately eight years old.
Following the death of their daughter, the Rowells filed a petition to establish custody and/or visitation, whereby they sought sole custody of Garrett and Gabe, or in the alternative, visitation in accordance with La. C.C. art. 136 and La. R.S. 9:344(A). It is evident from the record that there were allegations made by the Rowells that the boys were not being cared for properly while in the custody, care, and control of Fradella. After extensive discovery and the appointment of a mental health professional, a consent judgment was rendered on September 12, 2012, awarding the Rowells specific periods of visitation with their grandchildren. In particular, the Rowells were granted visitation for the second weekend of each month beginning in September 2012, from Friday at 5:00 p.m. until Sunday at 5:00 |i>p.m. Garrett and Gabe were ordered to contact the Rowells no later than the Wednesday prior to the Friday which the Ro-wells were to receive visitation and inform them whether they wished for their grandparents to pick them up at 5:00 p.m. on Friday or at 9:00 a.m. on Saturday. But, in no event, would the Rowells’ visitation be less than the period from 9:00 a.m. on Saturday until 5:00 p.m. on Sunday. The Rowells were also granted ten days during each summer to allow for vacation time with the boys. Further, Fradella was ordered to keep the Rowells informed of Garrett and Gabe’s extracurricular and school activities.
On April 11, 2013, the Rowells filed a rule for contempt against Fradella alleging that he was interfering with certain times of scheduled visitation. The Rowells also filed supplemental rules for contempt on July 19, July 23, and September 23, 2013, again alleging that they did not receive visitation and that Fradella failed to apprise them of the boys’ extracurricular and school activities. Fradella responded by filing a cross rule for contempt alleging that on several occasions the Rowells returned the boys home past the 5:00 p.m. Sunday deadline.
Trial in the matter was held over a three-day period on July 25, October 4, and October 25, 2013. After hearing a considerable amount of testimony, and after meeting with the boys off the record, the trial court found Fradella in contempt of court for interfering with the Rowells’ visitation and also for not supplying the Rowells with information concerning the boys’ extracurricular and school activities. More specifically, the trial court found that Fradella denied visitation for the | ..¡months of May and June 2013, and the vacation time in July 2013. The Rowells were not held in contempt for returning the boys home past the 5:00 p.m. Sunday deadline. Moreover, by an agreement between the parties, the trial court modified the visitation schedule to coincide with the Benton High School holiday calendar in an attempt to accommodate the difficulties the parties were experiencing with the previous schedule.
As a result of his contemptuous behavior, Fradella was sentenced to ten days in the parish jail, with the sentence to be suspended upon Fradella meeting certain conditions, as more specifically set forth in the trial court’s judgment. This appeal by Fradella ensued.
Discussion

Contempt of Court

Fradella’s first three assignments of error all relate to the issue of contempt. Specifically, he argues that the trial court erred in: (1) finding him in contempt of court for denying the Rowells’ visitation; (2) finding him in contempt of court for *820 failing to provide the schedules of the boys’ school and extracurricular activities; and, (3) failing to find the Rowells in contempt of court for returning the boys past the 5:00 p.m. Sunday deadline.
A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. La. C.C.P. art. 221. The willful disobedience of any lawful judgment or order of the court constitutes a constructive contempt of court. La. C.C.P. art. 224. To find a person guilty of constructive contempt, the court must find that he or she violated the |4order of the court intentionally, knowingly, and purposely, without justifiable excuse. Mabry v. Andrus, 45,135 (La.App.2d Cir.04/14/10), 34 So.3d 1075, writ denied, 2010-1368 (La.09/24/10), 45 So.3d 1079. The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying the court’s order and its decision will only be reversed when the appellate court can discern an abuse of that discretion. Mabry, supra.
As previously mentioned, the trial court first found that Fradella intentionally violated the 2012 consent judgment by denying the Rowells’ visitation for the periods of May, June, and July, 2013. However, according to Fradella, a complete and thorough review of the record will show that there is no evidence that he intentionally, knowingly, and purposefully thwarted the Rowells’ visitation. Instead, Fradella maintains that for each instance of alleged contempt, he had the boys available for visitation, but the boys refused to go because they were upset with the Rowells for the pending litigation against their father. In fact, Fradella argues that he did everything short of physically forcing the boys to go on visitation with the Rowells.
The trial court expressly rejected this argument when presented at trial. In finding Fradella in contempt, the trial court placed a heavy emphasis on the fact that Fradella intertwined the boys in the litigation process and inappropriately placed them in a decision making role by allowing them to decide whether or not they were going to participate in visitation. Ultimately, the trial court determined that the Rowells were | ^completely denied visitation for May, June, and July, 2013, which it found to be an outright violation of the 2012 consent judgment.
After a careful review of the record, we cannot say that the trial court abused its discretion in finding Fradella in contempt. The trial court was in the best position to evaluate all of the facts in the instant matter, and it did so accordingly over a three-day trial. Each party to this lawsuit was able to testify and the trial court was able to consider matters of credibility and weigh the evidence. In the end, Fradella denied the Rowells’ visitation which, as the trial court noted, is an outright violation of the 2012 consent judgment. Thus, Fradel-la’s first assignment of error is without merit.
The record also supports the trial court’s decision to hold Fradella in contempt for not furnishing information to the Rowells concerning the boys’ school and extracurricular activities. As discussed above, the 2012 consent judgment specifically ordered Fradella to provide the Ro-wells with information pertaining to Garrett and Gabe’s activities. Fradella, by his own admission, did not do so. He instead relied on the boys themselves or their coaches to relay this information. Accordingly, the trial court did not abuse its discretion in this regard, and Fradella’s second assignment of error is equally without merit.
*821 We also reject Fradella’s third assignment of error that the trial court erred in failing to find the Rowells guilty of contempt for not returning the boys home by the 5:00 p.m. Sunday deadline. Although the Rowells admitted by that the boys were returned past 5:00 p.m. on several occasions, the trial court found that this was unintentional and did not amount to |Rcontempt. As discussed by the trial court, each time the Rowells were going to be late, a phone call was made to Fradella informing him of the situation. Further, Fradella never complained about the Ro-wells returning the boys late from visitation. We find no abuse of discretion in this regard.

Visitation Schedule

As his final assignment of error, Fradella argues that the trial court abused its discretion by modifying the 2012 visitation schedule. Fradella contends that the modified visitation schedule is rather excessive given his constitutional right as a fit parent, demonstrates no regard for the boys’ extracurricular activities, and overall, is not in the best interest of the minor children. We disagree.
Prior to our analysis, we note that as part of their original rule for contempt, the Rowells requested that the Wednesday phone call and the Friday night visitation option be eliminated and they be allowed to exercise a full weekend of visitation. However, by an agreement reached at trial, the trial court modified the visitation schedule to coincide with Monday school holidays, so as to avoid Friday nights altogether. With the new schedule, the Ro-wells were to receive visitation on long holiday weekends beginning at 12:00 p.m. on Saturday until 3:00 p.m. on Monday. The Rowells were granted three full weeks in the summer as well. In its reasoning, the trial court explained that it was taking into consideration the fact that the boys wanted to attend Benton High School home football games, which occur on Friday nights. As to the additional summer visitation, the trial court referenced a telephone conversation between Mrs. Rowell and Fradella |7where Fradella stated that he could use help caring for the boys while he was at work in the summer. Further explaining its reasoning, the trial court noted that the Rowells would be essentially exercising the same amount of visitation under the modified schedule as in the 2012 visitation schedule. We find no abuse of discretion in this decision, especially in light of the findings of contempt against Fradella.
Conclusion
So considering, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Leo Casey Fradella.
AFFIRMED.