Judgment rendered June 30, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,038-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ALLISON MICHELLE YOUNG               Plaintiff-Appellant

versus

JEREMY LEE YOUNG                     Defendant-Appellee

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 139038

Honorable Edward Charles Jacobs, Judge

* * * * *

CARMOUCHE, BOKENFOHR,               Counsel for Appellant
BUCKLE & DAY, PLLC
By:  John Nathaniel Bokenfohr

JEREMY LEE YOUNG                     Pro se, Appellee

* * * * *

Before GARRETT, STONE, and STEPHENS, JJ.

**STEPHENS, J.**

In this custody proceeding, the mother has appealed from the trial court's judgment holding her in contempt for failure to obey an interim custody order, sentencing her to a non-purgeable 30 days in the parish jail, and ordering her to pay court costs and the father's attorney a $5,000 fee. For the reasons set forth below, we reverse and remand the matter to the trial court.

## FACTS AND PROCEDURAL BACKGROUND

The parties, Allison and Jeremy, were married on September 22, 2007. Two children were born to them: K.Y. on April 26, 2007, and J.Y. on August 22, 2009. Allison had one child, H.E., from a prior relationship. Allison filed for divorce in May 2012, alleging that Jeremy was mentally, physically, and verbally abusive to her and the children. Jeremy denied the allegations, claiming that Allison had physically abused him and had absconded out-of-state with the minor children on more than one occasion. The trial court issued an agreed-upon interim order, awarding the parties shared custody of K.Y. and J.Y. Sandi Davis, a licensed professional counselor, was appointed to evaluate the parties and render an expert report to the trial court. The parties, however, reconciled and divorce proceedings were terminated.

On April 1, 2020, Allison filed a second petition for divorce, alleging that: Jeremy had been physically, sexually, and psychologically abusive during the course of their 13-year marriage, sometimes in the presence of the minor children; his alcoholism had been "witnessed by" the children; the children were afraid of Jeremy because of his temper; and, he had struck the minor children. The trial court ordered that a temporary restraining order be

put in place. On April 13, 2020, an interim order was entered by the trial court awarding Jeremy supervised visitation with K.Y. and J.Y. every other weekend beginning April 18, 2020.

Jeremy filed a pleading which included an exception of no cause of action, answer to Allison's petition for divorce, a petition for injunction against harm and harassment under the Post-Separation Violence Relief Act, La. R.S. 9:631, *et seq.*, and other incidental matters, on April 29, 2020. According to Jeremy, the parties physically separated when, on March 27, 2020, Allison left the matrimonial domicile and took the minor children to Tennessee without his consent or prior notice to him and has refused to return the children to Louisiana. A hearing was set for June 11, 2020.

After the hearing on June 11, 2020, pursuant to an agreement by the parties, an "Interim Order Without Prejudice" was rendered by the trial court, providing that the parties would alternate weekly physical custody of the minor children until further orders of the court and appointing Sandi Davis to perform a mental health/custody evaluation. Thereafter, on August 19, 2020, Jeremy filed a petition seeking immediate modification of temporary custody, alleging that Allison still had the children in Tennessee, was not letting them communicate with him, and had refused to deliver the children to him for weekly visitation on at least three occasions, in violation of the trial court's June 11, 2020, interim order. Jeremy asked that the minor children be returned to Bossier Parish, that he be awarded temporary, sole custody, and that Allison be held in contempt of court for her failure to comply with the June 11, 2020, interim order without prejudice. On August 19, 2020, the trial court modified its interim order without prejudice to grant

temporary, sole custody to Jeremy, and award Allison visitation with the children every weekend.

A hearing was scheduled to be held on Jeremy's petition for modification of temporary custody and contempt on September 10, 2020. At this hearing, Allison's attorney sought to introduce evidence regarding his client's allegations of domestic violence and abuse to show Allison's lack of intent to violate the court's interim order without prejudice, but the trial court disallowed introduction of this evidence. According to the trial court, such allegations went to the ultimate disposition of custody, but were not relevant to the issue of contempt unless the violence or abuse occurred *after* the issuance of the court's June 11, 2020, interim order without prejudice. Furthermore, despite making repeated requests to Allison's attorney for an explanation of his client's actions, the trial court refused to permit any testimony regarding Allison's allegations of domestic violence and abuse.[1]

The same day as the hearing, the trial court rendered judgment in open court, finding Allison to be in contempt of the June 11, 2020, interim order without prejudice and sentencing her to 30 days in the parish jail with a cash bond of $5,000. She was also ordered to reimburse Jeremy for court costs and pay his attorney fees in the amount of $5,000. The trial court further ordered Allison to deliver the minor children to Jeremy on that date, September 10, 2020, with them to remain in his physical custody until the completion of Allison's sentence.[2] A written judgment in conformity with

---

[1] The court did allow counsel to proffer testimony regarding the alleged abuse.

[2] A modified judgment awarding Allison supervised visitation every other weekend and ordering that the children are not to be removed from the State of Louisiana for any reason was rendered on October 16, 2020, and signed and filed on January 19, 2021.

the trial court's ruling was signed and filed on October 16, 2020. Allison has appealed from the trial court's contempt judgment.[3]

## DISCUSSION

According to Allison, the trial court abused its discretion in refusing to allow her to introduce any testimony or other evidence on the issue of domestic abuse prior to finding her in contempt and then again, before sentencing her, especially since a non-purgeable 30-day jail sentence was imposed. It is her argument to this Court that this evidence was highly relevant as to whether she had a "justifiable excuse" for her violation of the court's interim order. Because the trial court abused its discretion in failing to allow her to introduce evidence or testimony of domestic violence during the contempt proceedings and prior to imposing sentence, Allison urges this Court to reverse the lower court's judgment and remand for further proceedings.

The willful disobedience of any lawful judgment, order, mandate, writ, or process of the court constitutes constructive contempt of court. La. C.C.P. art. 224(2); *Fradella v. Rowell*, 49,350 (La. App. 2 Cir. 8/13/14), 147 So. 3d 817. A person charged with committing a constructive contempt of court may be found guilty thereof and punished only after a trial by the judge of a rule to show cause why she should not be adjudged guilty of contempt and punished accordingly. La. C.C.P. art. 225(A); *Pulley v. Pulley*, 587 So. 2d 116 (La. App. 2 Cir. 1991); *Fleming v. Armant*, 2012-43 (La. App. 5 Cir. 5/13/12), 97 So. 3d 1071. To find a person guilty of

---

[3] A motion to withdraw filed by Jeremy's counsel with this Court was granted on April 20, 2021. Jeremy neither retained another attorney to file a brief or answer to the appeal on his behalf nor made such a filing himself.

4

constructive contempt, the trial court must find that she violated the order of the court intentionally, knowingly and purposefully, without justifiable excuse. *Lang v. Asten, Inc.*, 2005-1119 (La. 1/13/06), 918 So. 2d 453; *Mabry v. Andrus*, 45,135 (La. App. 2 Cir. 4/14/10), 34 So. 3d 1075, *writ denied,* 2010-1368 (La. 9/24/10), 45 So. 3d 1079.

The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying the court's order, and its decision will only be reversed when the appellate court finds an abuse of discretion. *Keene v. Holdsworth*, 53,649 (La. App. 2 Cir. 1/31/21), ___ So. 3d ___, 2021 WL 116191; *Rockett v. Rockett*, 51,453 (La. App. 2 Cir. 6/21/17), 223 So. 3d 1227; *Fradella, supra*.

In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child. La. C.C. art. 131. A child has a right to time with both parents. La. C.C. art. 136.1. When a court-ordered schedule of visitation, custody, or time to be spent with a child has been entered, a parent shall exercise his rights to the child in accordance with the schedule unless good cause is shown. *Id.* Neither parent shall interfere with the visitation, custody or time rights of the other unless good cause is shown. *Id.*

In the instant case, the parties agreed to an interim order without prejudice entered by the trial court on June 11, 2020. The record indicates that Allison filed no pleadings in the trial court to modify the custody schedule set forth in the interim order without prejudice, but instead disobeyed this order by refusing to let Jeremy exercise his custody rights specified thereunder on more than one occasion. However, ***what the record does not contain is the requisite testimony and evidence to show that***

5

***Allison's violation was (*or was not*) done intentionally, knowingly, and purposefully, without just cause.***[4]

In *Hanna v. Hanna*, 53,210 (La. App. 2 Cir. 11/20/19), 285 So. 3d 116, 122, an appeal from the trial court's judgment on a rule to increase interim spousal support and for contempt for nonpayment, this Court found the record to be "lacking evidence that [the defendant] willfully disobeyed the order" because counsel for each party submitted written arguments to the court, and there was no testimony or additional evidence submitted on the issue of contempt at the hearing. As noted by this Court:

> The written arguments by counsel are not evidence, and the trial court did not state, either orally or written, in its reasons that Mr. Hanna was in contempt for willfully disobeying the order. We do not find that the record contains evidence that Mr. Hanna willfully disobeyed the court's order. A finding of willful disobedience absent proof is clearly erroneous.

*Id.* On the other hand, in *Fradella,* 147 So. 3d at 820, this Court found no abuse of discretion on the part of the trial court, which, after a three-day trial, was able to consider matters of credibility and weigh the evidence to support a finding of contempt. *See also*, *Mabry*, *supra*; *State through Dept. of Children and Family Services v. Knapp*, 2016-0979 (La. App. 4 Cir. 4/12/17), 216 So. 3d 130; *Barnett v. Barnett*, 2015-766 (La. App. 5 Cir. 5/26/16), 193 So. 3d 460, *writ denied*, 2016-1205 (La. 10/10/16), 207 So. 3d

---

[4] The record does contain some testimony by the parties, albeit limited, since the trial court refused to allow Allison to testify on the issue of the domestic abuse allegations, noting that actions therein had all allegedly occurred prior to the date of the interim order without prejudice. Although Allison's attorney argued that this evidence was relevant to the issue of whether Allison's violation of the court's order was willful, the trial court stated, "[I]f you want to present evidence, and we can take testimony, but you know, from a circumstantial point of view removing the children some eight, nine hundred miles away and failing to comply with the terms of the judgment is pretty— seems to be pretty willful and on purpose intentional to me."

406; *Mason v. Hadnot*, 2008-2015 (La. App. 1 Cir. 2/13/09), 6 So. 3d 256; *Givens v. Givens*, 2010-1152 (La. App. 1 Cir. 12/22/10), 2010 WL 4380739.

In the instant case, as in *Hanna*, *supra*, the record contains no evidence (other than in the form of a proffer) regarding Allison's "reason" for violating the June 11, 2020, interim order without prejudice, since the trial court refused to take evidence or hear testimony related to her allegations of domestic violence. Because evidence of domestic violence and abuse could have potential relevance as to whether Allison had a "justifiable excuse" for her disobedience of the interim order, the trial court abused its discretion in refusing to admit the evidence before finding Allison in contempt and imposing punishment thereupon.[5]

## CONCLUSION

For the reasons set forth above, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[5] The contempt judgment also awarded Allison's ex-husband an attorney fee of $5,000. We note that no evidence whatsoever was introduced in support of such an award.

7